GALLERA DE PUERTO RICO, INC., peticionaria, *v.* TRIBUNAL
  SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON.
  EDNA ABRUÑA, JUEZ, demandado; MANUEL DÍAZ SEGARRA
  ET AL., interventores.

*Número:* O-74-402      *Resuelto:* 30 de diciembre de 1974

*Manuel A. Moreda,* abogado de la peticionaria; *Ramos, Riera,
Ramírez de Arellano, Odell & Limeres,* abogados de los inter-
ventores.

PER CURIAM: Un matrimonio deportista jugó su gallo con-
tra otro en la Gallera de Puerto Rico conocida como Coliseo
de Isla Verde. Cuando su gallo ganó, el juez de valla anunció
al público que declaraba nula la pelea porque había encontrado
agujas de acero insertas en las espuelas del vencedor, prác-
tica prohibida en el deporte. Ofendidos por lo que estiman fue
una imputación viciosa de fraude, los cónyuges buscan repara-
ción a sus daños morales que valoran en $200,000 en acción
civil contra la Gallera de quien exigen responsabilidad por los
actos del juez de valla, bajo la premisa de ser éste su empleado.
La corporación demandada solicitó sentencia sumaria deses-
timando la demanda que el tribunal de instancia denegó. Al
recurrir expedimos orden para mostrar causa por la que no
deba concederse dicha desestimación sumaria fundada en el
estado de derecho integrado por los preceptos de la Ley de

Gallos de Puerto Rico (15 L.P.R.A. secs. 292 y ss.) y su Reglamento que gobiernan el poder de decisión del juez de valla.

■ Los que en nuestra sociedad ejercen la facultad de decidir controversias similar a la conferida a los jueces de derecho, han de sentirse libres de aprehensión en todo momento de que sus dictámenes y veredictos puedan provocar reacciones punitivas de las partes afectadas, o de sector alguno. Tan libre del temor a una acción de represalia contra su fallo han de sentirse un juez, como un árbitro, un comisionado especial, el *umpire*, el jurado en un certamen de ateneo, en fin todo el que tiene la encomienda de decidir en cualquier competencia. No lo es menos el juez de valla en el deporte gallístico. La decisión del árbitro encarna la regla de derecho de dar a cada uno lo que es suyo. Cuando se emite bajo la influencia del miedo, del favor o el castigo, se pierde la esencial pureza y objetividad y queda abolida su utilidad de poner fin al conflicto en nuestro sistema político de continua contraposición de intereses, lucha y pugna de éstos. El árbitro, llámese juez, jurado, comisionado o *referee*, es rueda de engranaje indispensable en la sociedad de libre competencia. Si aprobamos el grito del fanático *maten al umpire*, mataremos el juego. Para revestir la decisión de un juez de valla de la necesaria respetabilidad y acatamiento, el legislador dispuso que "ningún Juez de Valla podrá renunciar su puesto ni ningún dueño de gallera podrá suspender a un Juez de Valla sin el consentimiento previo de la Administración de Parques y Recreo Públicos, y Disponiéndose, además, que la Administración de Parques y Recreo Públicos podrá intercambiar los Jueces de Valla cuando a su juicio, sea esto conveniente para el deporte." Nueva Ley de Gallos de Puerto Rico, 15 L.P.R.A. sec. 294 (c). A su vez el Reglamento para Lidias de Gallos en Puerto Rico dispone que "la dirección y decisión de toda pelea corresponde exclusivamente al juez de valla y solamente

el dueño de un gallo podrá protestar su decisión ante la Administración de Parques y Recreo Públicos." 15 R.&R.P.R. sec. 294–99; y que "cualquier caso que ocurra en una pelea por accidente o cualquier otro motivo, no previsto en esta División, queda el juez de valla facultado para resolverlo." 15 R.&R.P.R. sec. 294–101.

En el marco de su poder de decisión el juez de valla no es empleado ni agente de la gallera en que actúa. Es un árbitro. Procede, por los fundamentos expresados, la terminación de este pleito en que se pretende vincular la gallera con responsabilidad civil por la decisión de su juez de valla.

Por la presente opinión *per curiam, se expide el auto de certiorari, se declarará con lugar la moción de sentencia sumaria de la peticionaria Gallera de Puerto Rico, Inc., y se desestimará la demanda en cuanto a dicha corporación; y la resolución denegatoria dictada el 27 de septiembre último por la Sala de San Juan del Tribunal Superior, será anulada.*