Cordero, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nuestra consideración William Pérez Varela (“Pérez”) mediante recurso de apelación y solicita que revisemos la Sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 24 de noviembre de 1997. En dicha Sentencia, cuyo archivo en autos y notificación se efectuó el 3 de diciembre de 1997, el Tribunal de Primera Instancia determinó que la Teléfonica de Puerto Rico (“PRTC”) actuó en el ejercicio de su discreción y, por ende, no era responsable en daños y perjuicios al denegarle a Pérez representación legal en el caso KDP-93-0056.
I
Pérez trabajó como Ayudante del Vicepresidente Ejecutivo de la PRTC en dos períodos comprendidos entre julio de 1989 a octubre de 1990 y noviembre de 1991 a febrero de 1993. En enero de 1993, Mariana Muñoz Rivera (“Muñoz”), quien se desempeñaba como secretaria de Pérez, presentó demanda contra éste por hostigamiento sexual (Caso Núm. KDP93-0056). En virtud de la Resolución Núm. 86-15 aprobada por la Junta de Directores de la PRTC (“la Junta”) en 1986, Pérez solicitó a la compañía que le proveyera representación legal. Dicha Resolución establecía que la PRTC proveería representación legal a todo funcionario, exfuncionario, empleado o exempleado suyo que fuera demandado en daños y perjuicios en su carácter personal debido a actos u omisiones incurridos de buena fe en el curso de su trabajo y dentro del marco de sus funciones.
*1147 Mediante carta con fecha de 6 de agosto de 1993, el Presidente de la PRTC denegó la solicitud realizada por Pérez al entender que la demanda presentada por Muñoz en su contra no estaba cobijada por la Resolución Núm. 86-15. Pérez solicitó revisión de la determinación tomada ante la Junta el 14 de septiembre de 1993. En comunicación escrita de fecha de 6 de octubre de 1993, la Junta aclaró que la solicitud de representación legal hecha por Pérez fue originalmente rechazada debido a que éste había decidido representarse a sí mismo. En dicha carta, la Junta expresó que no tomaría acción con relación a la solicitud de Pérez en vista de que éste también había acudido al Departamento de Justicia (“Justicia”) para que le proveyera representación legal en el caso de hostigamiento sexual instado en su contra. El 10 de noviembre de 1993, la Junta le comunicó a Pérez que podía plantear nuevamente el asunto ante su consideración, una vez Justicia emitiera una determinación final. Posteriormenle, Justicia denegó la solicitud realizada por Pérez. Este no acudió nuevamente ante la PRTC a presentar su solicitud. En su lugar, el 23 de febrero de 1994, Pérez presentó demanda ante el Tribunal de Primera Instancia, Sala Superior de San Juan, en la cual solicitó se expidiera auto de mandamus y se ordenara a la PRTC que le proveyera representación legal en la demanda presentada en su contra por Muñoz. Además, Pérez solicitó indemnización por daños y perjuicios. La PRTC levantó como defensa que la demanda presentada contra Muñoz no fue producto de su gestión como gerencial de la compañía.
Así las cosas, la PRTC decidió conceder representación legal a Pérez con la condición de que desistiera con perjuicio de la demanda que presentara el 23 de febrero de 1994. Luego de varios incidentes procesales, la PRTC y Pérez llegaron a un acuerdo, en virtud del cual la primera retiraría la defensa que había presentado, mientras el segundo consintió a que el presente caso fuera resuelto mediante sentencia declaratoria, pero reafirmó su posición con relación a la procedencia del mandamus.
El 27 de enero de 1995, el Tribunal de Primera Instancia emitió Sentencia en la cual determinó que la PRTC erró al denegarle a Pérez representación legal en virtud de lo dispuesto en la Resolución Núm. 86-15. El Tribunal de Primera Instancia concluyó que denegarle este beneficio, equivaldría a decir que Pérez en realidad había hostigado sexualmente a Muñoz, cuando ello todavía no se había probado. Es importante señalar que el foro apelado tomó muy en consideración que en ocasiones anteriores la PRTC le había concedido a otros empleados o exempleados el beneficio de representación legal en casos precisamente de demandas por hostigamiento sexual presentadas contra éstos.
Con posterioridad a la emisión de la Sentencia que hoy se apela, Pérez solicitó al Tribunal de Primera Instancia que reconsiderara la misma, toda vez que en dicha Sentencia nada se dispuso con respecto a la reclamación en daños y perjuicios que presentara. El Tribunal de Primera Instancia, mediante Sentencia Nunc Pro Tune, enmendó la Sentencia del 27 de enero de 1995, a los fines de aclarar que la primera determinación es una sentencia parcial final bajo la Regla 43.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III. El Tribunal de Primera Instancia dejó en suspenso la adjudicación de daños y determinó que la PRTC había sido temeraria, toda vez que ya había otorgado representación legal a otros empleados en casos similares al de Pérez. Esta sentencia nunca fue apelada, por lo cual advino final y firme.
Finalmente, el 24 de noviembre de 1997, el Tribunal de Primera Instancia emitió Sentencia sumariamente, en la cual determinó que Pérez no tenía derecho a reclamar a la PRTC indemnización por daños y perjuicios. El foro apelado concluyó que el haberle denegado originalmente representación legal a Pérez se realizó a manera de una determinación cuasi-judicial en la cual la PRTC ejerció su discreción. Inconforme con esta última determinación, Pérez acudió ante nuestra consideración mediante recurso de apelación. El único error que éste imputa al Tribunal de Primera Instancia es haber concluido que la determinación tomada por el Presidente de la PRTC el 6 de agosto de 1993 fue una decisión administrativa de tipo cuasijudicial que no genera responsabilidad civil extracontractual.
*1148 Con el beneficio de la comparecencia de la PRTC mediante alegato, procedemos a resolver.
II
La Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sec. 2102 (a), establece que una agencia administrativa:

“Significa cualquier junta, cuerpo, tribunal examinador, corporación pública, comisión, oficina independiente, división, administración, negociado, departamento, autoridad, funcionario, persona, entidad o cualquier instrumentalidad del Estado Libre Asociado de Puerto Rico u organismo administrativo autorizado por ley a llevar a cabo funciones de reglamentar, investigar, o que pueda emitir una decisión, o con facultades para expedir Ucencias, certificados, permisos, concesiones, acreditaciones, privilegios, franquicias, acusar o adjudicar...

Por otro lado, la sección 2102 (k) de la Ley antes citada define el Procedimiento Administrativo como:
“.... la formulación de reglas y reglamentos, la adjudicación formal de toda controversia ó planteamiento ante la consideración de una agencia, el otorgamiento de licencias y cualquier proceso investigativo que inicie una agencia dentro del ámbito de su autoridad legal. ”
Finalmente, en la sección 2102 (b) de la misma Ley, se define el término adjudicación como:

“El pronunciamiento mediante el cual una agencia determina los derechos, obligaciones o privilegios que correspondan a una parte. ”

Por otro lado, el Tribunal Supremo de Puerto Rico, en Torres Ponce v. Jiménez, 113 D.P.R. 58, 68-69 (1982), interpretó, a base de la intención legislativa, que la PRTC fue adquirida por el Gobierno de Puerto Rico para que fuera parte del sistema de corporaciones públicas que rendiría el servicio telefónico y que funcionaría como el tipo de corporación pública que se organiza bajo las leyes de corporaciones privadas para que funcione como una corporación privada para fines impositivos. La Asamblea Legislativa consideró que la PRTC, al ser adquirida por el Gobierno de Puerto Rico, debía preservar su “status” de corporación privada para asegurar la tributabilidad de los intereses que se pagaran sobre ciento veinte (120) millones en obligaciones que al momento de la compra tenía la compañía. Sin embargo, en ese momento, el legislador tuvo muy presente que el sistema de comunicación sería propiedad pública. Por consecuencia, para asuntos o negocios jurídicos de esta naturaleza, se le considerará como corporación privada. Esto es así, ya que la PRTC es una corporación privada incorporada bajo la Ley del Estado de Delaware y que, por ende, mantiene su “status” de corporación privada. Sin embargo, ello constituye fundamento suficiente para negar su condición de corporación pública, ya que el cien (100) por ciento de las acciones de la PRTC eran poseídas por el Gobierno de Puerto Rico. Lo anterior demuestra que existe un desdoblamiento de personalidad público-privada con el fin de lograr rendir un mejor servicio y lograr sus propósitos.
Por lo tanto, la PRTC debe ser catalogada como corporación pública a los fines de la aplicación de los principios esbozados en la Ley de Procedimiento Administrativo Uniforme, supra, a la luz de los hechos del caso ante nos. La decisión de la PRTC de otorgar representación legal a un empleado descansa en la Resolución Núm. 86-15 que aprobara la Junta de la entidad el 18 de marzo de 1986. En dicha Resolución, la Junta decidió conceder representación legal a un empleado que, en el ejercicio de sus funciones, cometiera un acto u omisión negligente y fuera personalmente demandado. De un análisis prima facie de los hechos que originaron la demanda contra Pérez por hostigamiento sexual, el Presidente de la PRTC decidió denegarle la representación legal solicitada. Esta determinación tiene características cuasi-judiciales, toda vez que la PRTC, *1149 actuando como agencia administrativa, provisionalmente adjudicó el alegado derecho que tenía Pérez a que se le proveyera representación legal. Ello no puso final a la controversia, toda vez que Pérez acudió en revisión ante la Junta de la entidad que dejó en suspenso la denegatoria original hasta que Justicia decidiera si le concedía representación legal. Más importante aún, la Junta dejó la puerta abierta a Pérez para que presentara nuevamente su solicitud ante dicha entidad, una vez Justicia resolviera. Sin embargo, luego que Justicia resolvió, Pérez decidió acudir ante el Tribunal de Primera Instancia, foro que inexplicablemente no le ordenó que agotara los procedimientos administrativos, aunque reconoció mediante Sentencia Declaratoria su derecho a que la PRTC le proveyera representación legal.
Por otro lado, debemos analizar si, al actuar como lo hizo, la PRTC incurrió en responsabilidad extracontractual.
La adjudicación se trata de la función judicial o cuasi-judicial delegada a la agencia, proceso que sustancialmente es análogo al proceso judicial. D. Fernández, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme, pág. 55 (1993). La única diferencia entre la decisión que toma un juez y la decisión tomada por una agencia administrativa es que la decisión del magistrado es individual, puesto que éste es quien recibe la evidencia y ante quien se ventila el caso. A.D.C.V.P. v. Tribunal Superior, 101 D.P.R. 875, 882 (1974). De otra parte, la decisión de la agencia, en vista de que pueden participar varias personas en el proceso, es institucional en el sentido de que la decisión la toma el organismo. Id. Además, sabido es que una agencia administrativa, al actuar de manera cuasi-judicial, ejerce su discreción en mayor o menor grado. Maisonet Felicié v. Corp. del Fondo del Estado, _ D.P.R. _ (1996), 96 J.T.S. 170, a la pág. 458 y casos allí citados. 
Los que en nuestra sociedad ejercen la facultad de decidir controversias, similar a la conferida a los jueces de derecho, han de sentirse libres de aprehensión en todo momento de que sus dictámenes y veredictos puedan provocar reacciones punitivas de las partes afectadas o de sector alguno. Gallera de P.R. Inc. v. Tribunal Superior, 103 D.P.R. 173, 174 (1974). Por esta razón, en Feliciano Rosado v. Matos Jr., 110 D.P.R. 550, 565 (1981), el Tribunal Supremo de Puerto Rico adoptó la norma de inmunidad condicionada para los jueces y se aclara que el mero error de hecho o de derecho no puede ser motivo para que se invada el patrimonio de un juez en busca de reparación.
Sólo procederá una causa de acción por daños y perjuicios contra un juez si los actos que sirven de fundamento para ejercer la acción han dado motivo para que el magistrado haya sido condenado penalmente por un acto delictivo o han redundado en la destitución del juez. Id., a la pág. 569.
III
Al aplicar los principios antes expuestos al caso que nos ocupa, en primer lugar surge claramente que la PRTC es una corporación pública que actuó bajo los principios de la Ley de Procedimiento Administrativo Uniforme, supra. Como agencia administrativa, no excluida expresamente de la antes citada Ley, la decisión tomada el 6 de agosto de 1993 por el Presidente de la PRTC debe ser considerada como una institucional, de naturaleza cuasi-judicial. Aunque el Tribunal de Primera Instancia expresó que dicha determinación fue errónea, su conclusión, al igual que la realizada por el Presidente de la PRTC, es un ejercicio en el cual se interpretó una norma, la cual fue aplicada de manera distinta a unos hechos particulares. Nuestro ordenamiento jurídico inmuniza contra reclamaciones extracontractuales a las personas y, en el caso ante nos, a la entidad administrativa que toma una decisión de este tipo, aunque cometa un error de hecho o de derecho. Por lo tanto, concluimos que el Tribunal de Primera Instancia actuó correctamente al desestimar la causa de acción en daños y perjuicios que Pérez presentara contra la PRTC.
*1150 IV
Por los fundamentos antes expuestos, procedemos a CONFIRMAR la Sentencia apelada.
Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2000 DTA 85
1. Discreción significa tener poder para decidir en una u otra forma, esto es, escoger entre uno o varios cursos de acción. Pueblo v. Ortega Santiago, 125 D.P.R. 203, 211 (1990).
2. Ello queda manifestado cuando se reconoce nuestra facultada para revisar las decisiones administrativas con el propósito de determinar si el referido foro actuó de manera arbitraria o ilegal o en forma tan irrazonable que su actuación constituya un abuso de discreción. Maisonet Felice v. Corp. Fondo del Seguro del Estado, supra.